M. LUCAS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 12068. Promulgated September 28, 1928.

*Arthur Heeman, Esq.*, for the petitioner.
*P. M. Clark, Esq.*, for the respondent.

**OPINION.**

Love: The evidence in this case is very unsatisfactory. The petitioner testified at the hearing that he did keep an account of his traveling expenses, from which he made his return. He also testified that when the deputy collector, W. A. Brent, called to see him in 1925, he showed Brent his books. Brent testified that he was shown no books by the petitioner, and that petitioner then stated that he had kept no record of expenses, but had estimated them at $75 per week.

There was also an affidavit, signed and sworn to by the petitioner on May 20, 1925, stating that the affiant had no itemized expense

account, and that he had estimated his expenses at $75 per week for 40 weeks and that he carried 250 pounds of excess baggage.

There were no records offered in evidence. With reference to the $3,000 traveling expenses, while no itemized account of such expenses was presented, petitioner testified positively that he was on the road about 40 weeks; that he spent at least $3,000 in railroad fares, bus fares, baggage transfers and hotel bills, all of which are deductible expense items. In view of such evidence, we believe and so hold that petitioner is entitled to that deduction.

With reference to the $15 representing the difference between the amount claimed and the amount allowed on salary paid the demonstrator, petitioner testified that the salary paid was $90 per month and that he paid half and the employer paid half. One-half the annual salary is $540. The Commissioner allowed $585—that is, $45 more than half the salary. The reason for allowing that excess was not explained. We find no reason for disturbing the Commissioner's action in this respect, and the same is approved. With reference to the $2,686 deducted in the return as commissions paid Bryan Lucas, and of which the Commissioner allowed $600, we find nothing in the record to justify us in disturbing the action of the Commissioner in this matter, and hence such action is approved.

There is no evidence in the record to sustain petitioner's claim for a deduction of $600 representing cost of merchandise given to customers; hence, the Commissioner's action in disallowing that item is approved.

We believe, and so hold, that petitioner is entitled to a deduction of $250 representing expenses of business trip to Chicago.

*Judgment will be entered under Rule 50.*